IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THE CITY OF EAST POINT,

    Plaintiff,

v.

EMANUEL RESTO,

    Defendant.

CIVIL ACTION NO.
1:18-cv-01294-AT

**MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION**

Defendant Emanuel Resto ("Defendant"), proceeding pro se, seeks to file this civil action without prepayment of fees and costs or security therefore, pursuant to 28 U.S.C. § 1915(a)(1). (Doc. 1). Defendant's Affidavit of Poverty indicates that Defendant is unable to pay the filing fee or incur the costs of these proceedings. (Id.). Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Defendant's application for leave to proceed *in forma pauperis* is hereby **GRANTED**. (Doc. 1). For the reasons outlined below, however, this Court **RECOMMENDS** that this action be remanded to the Municipal Court of the City of East Point, Georgia.

## **PROCEDURAL BACKGROUND FACTS**[1]

On October 11, 2017, pursuant to the local ordinances of the City of East Point, Georgia (the "City"), a police officer for the City cited Defendant for disorderly conduct. (Doc. 1-1, at 14). The incident occurred at a restaurant called the Ubar, located at 3515 Camp Creek Parkway, East Point, Georgia. (Id.). Per the citation, Defendant was ordered to appear in the Municipal Court of the City of East Point on December 4, 2017, to answer for this charge. (Id.). It appears that Defendant's court date was rescheduled for March 28, 2018. (Doc. 1-1, at 15). On that same day, Defendant removed the matter to this Court. (See Doc. 1). Defendant's removal petition is devoid of factual allegations and is instead filled with nonsensical legal theories and conclusions. Defendant argues in his removal papers that this Court has jurisdiction over the matter under 28 U.S.C § 1331, 28 U.S.C. § 1367, 28 U.S.C. §§ 1441(b)-( c), (e), 28. U.S.C. §§ 1443 (1)-(2), and 28 U.S.C. 1446(d). Defendant also alleges, without explanation, that the Court has

---

[1] The facts are based on this Court's best interpretation of Defendant's pleadings and corresponding exhibits. Defendant's Complaint alleges a pattern of wrongful arrest by the City of East Point and Defendant attached a copy of the citation he received for disorderly conduct in violation of a City of East Point, Georgia, municipal code. (Doc. 1-1). However, the style of Defendant's Removal Petition indicates that it is a petition for removal from the Magistrate Court of Fulton County, Georgia. (Id. at 1). Additionally, Defendant attached a certificate of service indicating Lakeside Reserve Apts. as the plaintiff, and Gabriel Resto and all other occupants as the defendants. (Id. at 12). The certificate of service also indicates that the Complaint was mailed to Lakeside Reserve Apartments, located in Atlanta Georgia. (Id.). This Court notes that there was a dispossessory action between said plaintiff and defendants in Fulton County Magistrate Court, which was closed in July 2017. (Fulton County Magistrate Court, Disp. Action Number 16DE019541). Therefore, it appears to this Court that Defendant just copied the certificate of service for the previous dispossessory action and attached it to his removal petition.

jurisdiction pursuant to the Bill of Rights, various amendments to the United States Constitution, the International Covenant on Civil and Political Rights, and the Universal Declaration of Human Rights.  (Doc. 1-1, at 1-2).

## **LEGAL ANALYSIS**

A court must dismiss a complaint filed in forma pauperis if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Miller v. Donald, 541 F .3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319 (1989). A claim

is frivolous when it appears from the 'face of the complaint' that the allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.' Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Under Chapter 89 of Title 28, certain state criminal prosecutions may be removed to federal district court. 28 U.S.C. §§ 1443, 1455. Removal is allowed for a criminal prosecution commenced in State court "[a ]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]" 28 U.S.C. § 1443(1). Under § 1443(1), a removal petition "must satisfy a two-pronged test." Johnson v. Mississippi, 421 U.S. 213 (1975); see also Kopec v. Jenkins, 357 F. App'x 213, 214 (11th Cir. 2009); Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001). First, a petitioner must show the deprivation of a right that "arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Johnson, 421 U.S. at 219 (quoting Georgia v. Rachel, 384 U.S. 780 (1966). Second, the deprivation generally must "be manifest in a formal expression of state law." Id. at 219-20 (quoting Rachel, 384 U.S. at 803) (giving as an example a trespassing law that made it a crime for an African American to exercise his right to seek service in a public restaurant). Thus, Section 1443 protects against state prosecution for exercising a federal civil right to racial equality. Rachel, 384 U.S. at 792-93. The removing party carries the burden of showing that removal under Section 1443 is proper. Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) ("[I]n removal cases, the burden is on the party

AO 72A
(Rev.8/82)

who sought removal to demonstrate that federal jurisdiction exists."). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

In this case, it is readily apparent to the undersigned that the Court lacks jurisdiction in this matter. Defendant's shotgun removal petition does not allege that he is being prosecuted for exercising a federally protected civil right to racial equality or that a formal expression of state law has deprived him of a federally protected right to racial equality. Defendant's removal petition simply alleges the Municipal Court of the City of East Point, Georgia has engaged in an unlawful pattern of "wrongful arrest." (Doc. 1-1, at 6). Accordingly, under the fats of this case, Defendant's attempt to remove this criminal action from the City of East Point should not be permitted. See Georgia v. Harpo, No. 1:16-CV-2955-WSD, 2017 WL 461477, at *2 (N.D. Ga. Feb. 3, 2017), appeal dismissed, No. 17-10992-E, 2017 WL 3923744 (11th Cir. May 16, 2017) (finding that the court lacked jurisdiction to hear the matter when the defendant failed to allege in his removal petition that he was being prosecuted for exercising a federally protected civil right to racial equality or that a formal expression of state law had deprived him of a federally protected right to racial equality).

## **CONCLUSION**

Based on the foregoing reasons, Defendant's motion to proceed *in forma pauperis* is **GRANTED**. (Doc. 1). Additionally, this Court **RECOMMENDS** that action be

remanded to the Municipal Court of the City of East Point, Georgia. As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**IT IS SO ORDERED AND REPORTED AND RECOMMENDED**, this  4  day of June, 2018.

/s/Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)